UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNA MONCREIFF,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　　　　　　Defendant. | Case No.: 19cv1030-GPC-LL<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION TO CONTINUE AND DIRECTING PARTIES TO MEET AND CONFER**<br><br>**[ECF No. 23]** |

Currently before the Court is the Parties' "Joint Motion to Extend Discovery and Case Deadlines." ECF No. 23. The Parties request an extension of the fact discovery deadline to July 31, 2020 for the limited purpose of allowing the Parties to complete the depositions identified in the Court's March 25, 2020 Order [ECF No. 22]. Id. at 2. The Parties further request a corresponding extension of all subsequent pre-trial deadlines. Id. For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** the Parties' request.

### LEGAL STANDARD

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 15 at 7 (stating that the Court will not modify the dates and times set forth in the

Scheduling Order "except for good cause shown."). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

## ANALYSIS

The Court finds the Parties have not established good cause for an extension of the case deadlines as requested. The Parties state that since the Court's March 25, 2020 Order, they have been unable to proceed with fact discovery depositions given the conditions created by the current COVID-19 pandemic. ECF No. 23 at 4. Although the Court recognizes the serious public health emergency resulting from the COVID-19 pandemic, "[a]ttorneys and litigants all over the country are adapting to a new way of practicing law, including conducting depositions and deposition preparation remotely." Grano v. Sodexo Mgmt., No. 18cv1818-GPC(BLM), 2020 U.S. Dist. LEXIS 72862, at *10-11 (S.D. Cal. Apr. 24, 2020).

In this case, the Parties have failed to explain why they cannot conduct the remaining depositions by telephone, video, or some other remote means. See Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."); see Velicer v. Falconhead Capital LLC, No. C19-1505 JLR, 2020 U.S. Dist. LEXIS 64494, at *5-6 (W.D. Wash. Apr. 13, 2020) (denying motion to extend case deadlines where parties failed to discuss why they could not take depositions remotely).

It is further not clear to the Court whether the Parties have even discussed the possibility of completing the remaining depositions in this way. For these reasons, the Court **DENIES WITHOUT PREJUDICE** the Parties' request. Instead, the Court finds it appropriate to **ORDER** the Parties to meet and confer to determine whether a protocol for remotely completing the depositions identified in the Court's March 25, 2020 Order is feasible. See SAPS, LLCS v. Ezcare Clinic, Inc., No. 19-11229, 2020 U.S. Dist. LEXIS

69575, at *6 (E.D. La. Apr. 21, 2020) (finding it is not feasible to delay depositions "until some unknown time in the future" during the present pandemic); De Lench v. Archie, No. 18-12549-LTS, 2020 U.S. Dist. LEXIS 58049, at *6 (D. Mass. Apr. 2, 2020) (reminding parties trial date is firm and encouraging "the parties to avail themselves of video technology for meetings, depositions, and other communication and interactions arising in the discovery process" in light of the current pandemic).

The Parties shall file a Joint Status Report with the Court by **May 8, 2020** regarding the efforts of their meet and confer. The Joint Status Report **should not exceed seven pages in length**.

**IT IS SO ORDERED.**

Dated:  April 30, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge